## SECOND DEPARTMENT, DECEMBER, 1925.

MARION L. ROBINSON, as Administratrix, etc., of GEORGE ROBINSON, Deceased, Respondent, *v.* ROBINS DRY DOCK AND REPAIR COMPANY, Appellant, Impleaded with Another, Defendant.

*Negligence — action for death — failure of defendant to furnish safe place to work.*

Appeal by defendant, Robins Dry Dock and Repair Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the Queens county clerk's office March 25, 1925, upon the verdict of a jury for $25,000, reduced by stipulation to $23,297 because of recovery of $1,703 through compensation, and also from an order entered March 20, 1925, denying said defendant's motion to set aside the verdict and for a new trial.

PER CURIAM: In doing the work in the manner adopted by defendant, it was necessary first to remove the lashings which hold the doors, and after the tackle was installed it was then necessary for safety that the doors should again be lashed together. Without this the place was not safe to work in. The setting up of this hoisting apparatus was not done except for a special purpose, and we are of the opinion that when the hoisting apparatus was set up it was the duty of the master to see that it was properly installed. The lashing of the doors after the tackle was installed was a part of what was necessary to be done before the hoisting apparatus was started. It was not something done during the progress of the work but in preparation for it. The judgment and order should, therefore, be affirmed, with costs. Kelly, P. J., Rich, Manning and Young, JJ., concur; Kapper, J., dissents and votes to reverse on the law and the facts, and to dismiss the complaint, upon the ground that the accident can only be attributed to the failure of the fellow-servant, Diamond, to retie the hatch covers after placing the tackle loop on one of them, and that in the light of the testimony this was work that was being done from time to time as the general work progressed, and was a detail imposed upon fellow-servants and was not an obligation of the master. (*McCampbell* v. *Cunard S. S. Co.*, 144 N. Y. 552; *Hudson* v. *Ocean S. S. Co.*, 110 id. 625.) Judgment and order affirmed, with costs.